CASE 87—ORDINARY—APRIL 8.

# Holt v. Turpin.

APPEAL FROM PULASKI CIRCUIT COURT.

1. Words charging that a party swore falsely before a grand jury of Pulaski county actionable.
2. Such a charge having been made, the party making it cannot escape upon the ground that no such judicial proceeding was had, or, if had, that the person charged was not examined as a witness before the grand jury.

CURD & WADDLE FOR APPELLANT.

The words charged are actionable.  (Townsend on Slander, 246-7; 33 Vermont, 182; 12 Penn., 200; 7 Black, 506; 96 Mass., 354.)

MORROW & NEWELL FOR APPELLEE.

The demurrer was properly sustained.  (Civil Code, sec. 90; Hilliard on Torts, vol. 1, 251; Townsend on Slander, secs. 171, 321.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The charge is: "The defendant, Benjamin Turpin, in the presence of divers persons, maliciously and falsely spoke of and concerning the plaintiff and his said testimony and information, given before said grand jury, the words: 'He swore a God damned lie in giving his testimony before said grand jury, by stating that Hiram Heath did not ride his (Heath's) horse in James Holt's house, for the purpose of preventing the said Heath from being indicted by said grand jury.'"  A demurrer being sustained to this petition, it was amended, and the further allegation made, "that the plaintiff was never sworn or testified before the grand jury of Pulaski county about the matter of Hiram Heath riding his horse into James Holt's house, and that the words spoken of and concerning the plaintiff were false and malicious."

Holt v. Turpin.

A demurrer was sustained to the petition as amended, and the action dismissed.

It is alleged that the plaintiff was sworn as a witness, and testified before the grand jury of Pulaski county, at its September term, 1878, in prosecutions then pending and being investigated before said grand jury, and, with reference to this testimony, the alleged slanderous words were spoken, when in fact the plaintiff had given no testimony with reference to Hiram Heath.

The grand jury, as alleged, was properly empaneled and sworn, and was authorized to administer an oath to the witness called to testify. A charge of false swearing is actionable when the tribunal before whom the party testifies, or is said to have testified, is authorized to administer an oath. "He swore false before the grand jury" (says Townsend) is actionable. "You swore false at the trial of your brother John," &c. Words are actionable which in effect charge one with testifying falsely in a judicial proceeding, and the fact that the person of whom the words were spoken was not examined as a witness or did not testify in the particular case, is immaterial; or if there never was such a judicial investigation, the party speaking the slanderous words is liable. The charge having been made, the party cannot be relieved from responsibility on the ground that no such judicial proceeding was had, or, if had, the party charged with false swearing was not examined as a witness. Whether the charge constituted perjury or false swearing is also immaterial, as in either case the party, if guilty, under the law of this state, would be subjected to punishment. (Townsend on Slander, page 230.)

Judgment below reversed, and cause remanded, with directions to overrule the demurrer, and for further proceedings.